UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Timothy Hamlet, | ) | C/A No. 4:04-22051-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Kevin Washington, Sheriff of Williamsburg | ) | |
| County; James Page, Deputy; Charlene | ) | |
| Wilson, Sargent; Williamsburg County | ) | |
| Sheriff's Department, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Timothy Hamlet, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. The complaint names as defendants the Williamsburg County Sheriff's Department; Kevin Washington, the Sheriff of Williamsburg County; and two employees of the Williamsburg County Sheriff's Department.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this matter was referred to United States Magistrate Judge William M. Catoe for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("the Report") on October 29, 2004, in which he recommended defendants Williamsburg County Sheriff's Department and the Sheriff be dismissed from this case. Plaintiff timely filed objections to the Report and Recommendation on November 8, 2004. On December 23, 2004, plaintiff filed a "Motion to Amend and Answer To Magistrate's Report and Recommendation."

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court.

1

*Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff alleges in both his objections and subsequently filed motion that the Magistrate Judge erred in recommending that the Sheriff's Department and Sheriff Washington be dismissed. The plaintiff alleges that these defendants are not immune from suit because "The Sheriff Department is not a state entity, but a municipality, and the acting of a deputy is like the action of the Sheriff himself." (Motion p. 1.) He also states that he is "filing this complaint in its official and individual capacity." (Motion p. 1.)

## Discussion

Absent waiver or consent, the Eleventh Amendment bars suits directly against a state or its agencies, regardless of the nature of relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *see also Vermont Agency of Natural Resources v. U.S.*, 529 U.S. 1858 (2000). However, suits against municipal corporations and local government bodies are not barred by the Eleventh Amendment. *Monell v. Depart. of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). In South Carolina, Sheriff's Departments are state agencies, not, as plaintiff alleges, municipal departments. *See* S.C. Code Ann. § 23-13-550; 1975 S.C. Att'y Gen'l Op. No. 47 (January 22, 1975).

A state's consent to waive Eleventh Amendment immunity will only be found when waiver is stated by express language or by such overwhelming implication as will leave no room for any other reasonable construction. *Port Auth. Trans-Hudson Corp. V. Feeney*, 495 U.S. 299, 305-06 (1990); *In re Creative Goldsmiths*, 119 F.3d 1140, 1149 (4th Cir. 1997). The State of South Carolina has not

2

consented to suit in federal court. *See* S.C. Code Ann. § 15-78-20(e) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state); *see also McCall v. Batson*, 329 S.E.2d 741, 743 (1985). The Eleventh Amendment cannot be overridden by pendent jurisdiction or any other basis of jurisdiction. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 121 (1984). The Magistrate Judge correctly found that the Williamsburg County Sheriff's Department should be dismissed.

A suit in federal court against the Sheriff in his official capacity is barred by the Eleventh Amendment. *McConnell v. Adams*, 829 F.2d 1319, 1328-29 (4th Cir. 1987); *see also Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (finding sheriff to be immune because, in his official capacity, he is "an arm of the state"); *McCall v. Williams*, 52 F. Supp. 2d 611, 615 (D.S.C. 1999) (same). To the extent that the plaintiff is suiting Sheriff Washington in his official capacity, he is immune from suit.

The Eleventh Amendment does not bar damage awards against state officials sued in their *individual* capacities for intentional deprivations of constitutional rights under color of state law. *Ex parte Young*, 209 U.S. 123, 155-56 (1908); *Sales v. Grant*, 224 F.3d 293, 297 (4th Cir. 2000). However, a review of the complaint and his objections show that the plaintiff has stated no factual allegations against Sheriff Washington. *See Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *see also Weller v. Dep't of Social Servs.*, 901 F.2d 387, 397 (4th Cir. 1990) (upholding district court's dismissal of defendants where no allegations were made against them or suggested that defendants "played a part in the alleged violation").

An exception to the general rule of immunity is recognized for suit against a state official if

(1) the violation for which relief is sought is an ongoing one and (2) the relief sought is only prospective. *Ex parte Young*, 209 U.S. 123, 149-50 (1908); *see Paraguay v. Allen*, 134 F.3d 622, 627 (4th Cir. 1998); *Manning v. South Carolina Dep't of Highway & Pub. Transp.*, 914 F.2d 44, 48-49 (4th Cir. 1990). Under the *Young* exception, a federal court can award an injunction governing an official's future conduct, i.e., prospective relief, but not injunction requiring retroactive relief. *Edelman v. Jordan*, 415 U.S. 651, 677 (1974); *see Quern v. Jordan*, 440 U.S. 332, 346-48 (1979).

In his complaint the plaintiff requests monetary damages and that defendants Paige and Wilson be terminated from their employment with the Williamsburg County Sheriff's Department. This Court does not have the authority to terminate the employment of defendants Paige and Wilson: "federal courts are courts of limited jurisdiction whose remedial powers do not extend beyond the granting of relief expressly authorized by Congress." *Bush v. Lucas*, 462 U.S. 367, 373 (1983); *see also In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Mandamus relief to compel action generally can be exercised by a federal court only (i) if it is in aid of its own jurisdiction, 28 U.S.C. § 1651, or (ii) to compel action by a federal officer or employee, 28 U.S.C. § 1361. Because the requested action is neither in aid of this Court's jurisdiction nor directed toward a federal officer or employee, this Court is precluded from granting the requested relief. Consequently, the injunctive relief requested does not provide an exception to the immunity afforded the Williamsburg County Sheriff's Department by the Eleventh Amendment.

## Conclusion

After a review of the case law and record before it, the Court adopts the Report and Recommendation of the Magistrate Judge, incorporates it herein by reference, and overrules plaintiff's objections. For the reasons stated therein and in this order, defendant Williamsburg County Sheriff's

Department is **DISMISSED** *with prejudice* and without issuance and service of process, and defendant Sheriff Kevin Washington is **DISMISSED** *without prejudice* and without issuance of service of process.

    **IT IS SO ORDERED.**

                                      s/ R. Bryan Harwell
                                      R. Bryan Harwell
                                      United States District Judge

August 8, 2005
Florence, SC